UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI-DADE DIVISION

CASE NO.:

FLOR ROSA HERNANDEZ,

    Plaintiff,

v.

CARNIVAL CORPORATION d/b/a
CARNIVAL CRUISE LINES,

    Defendant.

_____/

## **COMPLAINT FOR DAMAGES**

COMES NOW the Plaintiff, FLOR ROSA HERNANDEZ, by and through his undersigned counsel, and sues Defendant, CARNIVAL CORPORATION d/b/a CARNIVAL CRUISE LINES (hereinafter "CARNIVAL"), and alleges:

1. Plaintiff, FLOR ROSA HERNANDEZ, is an adult of legal capacity who is a resident of the State of Florida.

2. At all times material hereto, Defendant, CARNIVAL, is a foreign and/or Panamanian corporation with its principal place of business in Miami-Dade County Florida. CARNIVAL maintained offices and agents and was doing business in the State of Florida, at 3655 N.W. 87th Avenue, Miami, Florida 33718, in Miami-Dade County, Florida.

3. Defendant, CARNIVAL, owned, operated or maintained the CARNIVAL BREEZE; said vessel was at all material times engaged as a cruise ship in the carriage of passengers for hire.

4. This action presents an admiralty or maritime case brought within the jurisdiction of the United States pursuant to Article III, section 2 of the U.S. Constitution, 28 U.S.C 1333, as well as general maritime law, and any other applicable laws and/or provisions.

5. Venue is proper pursuant to the forum selection contractual obligation clause.

6. On or about July 18, 2019, Plaintiff, FLOR ROSA HERNANDEZ, was a passenger on the CARNIVAL BREEZE, her fare having been paid, entitling her to the cruise.

7. That on or about July 18, 2019, Plaintiff, FLOR ROSA HERNANDEZ, was on board the cruise ship CARNIVAL BREEZE, and she slipped and fell on a wet, slippery substance on floor of the Lido Deck (Floor 10) near the salad bar in the cafeteria.

8. At all times material hereto, Plaintiff, FLOR ROSA HERNANDEZ, had no knowledge that the aforementioned floor was wet or that it contained a slippery substance.

9. At all times material hereto, Defendant, CARNIVAL, was obligated to:

   a) Maintain its premises in a reasonably safe condition free of dangers that would present slip hazards to the passengers;

   b) Routinely inspect the floors to ensure substances on the floor do not become a danger for passengers;

   c) Warn passengers of any dangers that it knew or should have known existed;

   d) Place warning cones in the areas the Defendant, CARNIVAL, knew or should have known to become dangerous and create hazards; and

   e) Provide and maintain adequate lighting on vessel to ensure safe passage throughout vessel by passengers.

10. On or about July 18, 2019, Defendant, CARNIVAL, negligently and carelessly maintained, operated, managed and/or controlled the above-described area so as to

       create or allow to exist a dangerous condition on its premises, to wit: a wet, slippery substance that was allowed to stay on the floor for an extended amount of time.

11. On or about July 18, 2019, Plaintiff, FLOR ROSA HERNANDEZ, slipped and fell as a result of the slippery substance on the floor.

12. The aforementioned dangerous condition was created by the Defendant, CARNIVAL, or had existed for such a sufficient length of time that the Defendant, CARNIVAL, knew or should have known of the dangerous condition.

13. As a direct and proximate result of the above-described negligence of the Defendant, CARNIVAL, the Plaintiff, FLOR ROSA HERNANDEZ, suffered bodily injury, pain and suffering, aggravation of a previously existing condition, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings and loss of ability to earn money. All of such losses are permanent and/or continuing in nature.

14. Plaintiff, FLOR ROSA HERNANDEZ, provided timely notice of her claims to Defendant, CARNIVAL, and timely files this lawsuit in accordance with the cruise ticker contract.

WHEREFORE, the Plaintiff, FLOR ROSA HERNANDEZ, prays for all suitable relief, including but not limited to: Economic (Special) damages according to proof; Non- economic (General) damages according to proof; Pre and post judgement interest allowable by law; Costs of litigation; and any other relief this Court deems just and appropriate.

For the purposes of due process and compliance with the Federal Rules of Civil Procedure, Plaintiff sets forth a demand amount of not more than $2,000,000.00, noting that this amount is subject to change upon discovery.

## **DEMAND FOR JURY TRIAL**

The Plaintiff demands a trial by jury on all issues so triable.

RESPECTFULLY submitted this 8th day of October, 2020.

        By:    */s/Alberto M. Lara, Esq.*
                **ALBERTO M. LARA, Esq.**
                **(FBN: 1002342)**
                **The Pendas Law Firm**
                4244 Evans Avenue, Suite A
                Fort Myers, Florida 33901
                Telephone: (239) 334- 1010
                Facsimile: (239) 689-1548
                Attorneys for the Plaintiff
                alara@pendaslaw.com
                xvargas@pendaslaw.com
                tsnure@pendaslaw.com